ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| YAMILET MARRERO CALDERO<br>Peticionaria<br><br>v.<br><br>AUTO LOI, LLC<br>Recurrido | KLAN202401089 | *Apelación* acogida como *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Número: BY2023CV03795<br><br>Sobre: Despido injustificado (Ley Núm. 80) y Otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de marzo de 2025.

Comparece Yamilet Marrero Caldero (señora Marrero Caldero o peticionaria) y nos solicita intervenir y revocar una parte del dictamen notificado por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), el 26 de noviembre de 2024. En su dictamen, el foro primario denegó el petitorio sumario instado por la señora Marrero Caldero sobre despido injustificado, entre otras determinaciones.

Por entender que, la peticionaria únicamente cuestiona una determinación interlocutoria emitida dentro de un procedimiento sumario al amparo de la Ley 2 del 17 de octubre de 1961 (Ley 2), la cual no adjudica una causa de acción de forma final, acogemos su recurso como un *certiorari*. Véase Regla 32 (D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.32(D). Ante ello conservaremos el número alfanumérico asignado para propósitos administrativos.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

# I.

El 11 de julio de 2023, la señora Marrero Caldero instó una demanda contra su antiguo patrono, Auto LOI. Como parte de sus alegaciones expuso que, tras casi tres años de fungir como ejecutiva de ventas de autos nuevos y usados, Auto LOI, la despidió de su empleo el 30 de septiembre de 2022. En su *Querella*, presentada de forma sumaria, al amparo de la Ley 2 *supra*, procuró una sentencia declaratoria para establecer la ilegalidad del *Acuerdo de Comisiones* suscrita entre las partes por ser contrario a las disposiciones de la Ley 180-1998, 29 LPRA, sec. 250d(q) conocida como *Ley de Vacaciones y Licencia de Enfermedad* (Ley 180-1998). De igual forma instó una reclamación al amparo de la Ley 80 de 30 de mayo de 1976, según enmendada, (Ley 80) por despido injustificado, así como, por actos de represalias, en violación a lo dispuesto en la Ley 115 de 20 de diciembre de 1991, según enmendada, 29 LPRA sec. 194, *et seq.* (Ley 115). La referida *Querella* fue enmendada para añadir dos causas de acción adicionales con relación al pago de salarios por concepto de licencia de vacaciones y horas extras.

Oportunamente, Auto LOI, LLC acreditó su contestación a la *Querella,* así como a la *Querella Enmendada.* En esencia, expuso que, la señora Marrero Caldero incumplió la cuota mínima de ventas de automóviles y fue la de peor desempeño y número de ventas, sin que existiese problemas con el inventario de vehículos disponibles para la venta. Sostuvo que, la empresa le advirtió, mediante una amonestación escrita, el 1 de septiembre de 2022, que de incumplir la cuota de ventas en tres meses consecutivos conllevaría su terminación de empleo. Negó haber realizado alguna acción por razón de las ausencias por enfermedad de la empleada. Adujo que, no interfirió con el disfrute de sus licencias por enfermedad y vacaciones. Sostuvo que, el despido de la señora Marrero Caldero fue únicamente por el interés legítimo de Auto LOI para mantener el

buen funcionamiento de sus operaciones. En la medida que, la señora Marrero Caldero, incumplió sus cuotas por tres meses consecutivos, Auto LOI tuvo justa causa al ordenar la terminación de su empleo. Negó que dicho acto haya sido por represalia alguna. Por último, sostuvo la validez del *Acuerdo de Comisiones* que forma parte del contrato de empleo y negó adeudar cantidad alguna a la señora Marrero Caldero. Ello, porque conforme la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, (conocida como la *Ley para Establecer la Jornada de Trabajo en Puerto Rico,* 29 LPRA secs. 271 *et seq.*) y el contrato de empleo, la peticionaria no tenía derecho al pago por horas extras. Además, Auto LOI, informó que, le pagó a la empleada, 188 horas de vacaciones acumuladas. Añadió que, a su entender, el proceso debió ser convertido en uno ordinario ante la radicación de la *Querella Enmendada.* Por todo lo antes, solicitó la desestimación de la causa instada.

Culminados varios incidentes procesales que resultan innecesarios pormenorizar, la señora Marrero Caldero presentó una *Moción de sentencia sumaria parcial y para que se dicte sentencia declaratoria.* En su petitorio, incluyó 18 propuestas de hechos incontrovertidos en aras de establecer que, el *Acuerdo de Comisiones* es nulo, por lo que, siendo el *Acuerdo* lo que motivó su despido de empleo, dicha nulidad convierte su despido en injustificado.[1]

Auto LOI se opuso al petitorio sumario parcial instado en su contra y, a su vez, solicitó que se declarara la validez del *Acuerdo de Comisiones.* Reiteró su postura sobre la justa causa que motivó el despido, debido al incumplimiento con las cuotas de ventas durante los meses de abril, mayo, julio, agosto y septiembre de 2022.

---

[1] Apéndice págs. 127-177. Junto a escrito incluyó los siguientes anejos: Exhibit A-Contrato de Periodo Probatorio; Exhibit B-Acuerdo de Comisiones; Exhibit C-Deposición de Yaritza Agosto Torres; Exhibit D-Memorando del 3 de junio de 2022; Exhibit E-Memorando del 1ro de septiembre 2022; Exhibit F-Carta de despido del 30 de septiembre de 2022; y Exhibit G-Aviso de Toma de Deposición Duces Tecum dirigida a Auto LOI, LLC.

Por su parte, Auto LOI, presentó una *Moción de sentencia sumaria parcial* el 30 de septiembre de 2024, en la que, se limitó a solicitar la desestimación de la causa por concepto de represalias al amparo de la Ley 115, *supra*, por la vía sumaria. En su petitorio, propuso 37 hechos incontrovertidos para demostrar la insuficiencia de la prueba y de las alegaciones para sustentar un caso *prima facie* de represalias.[2] A lo antes, se opuso la señora Marrero Caldero.[3]

Justipreciados ambos petitorios sumarios, el TPI notificó el dictamen apelado. Luego de consignar los 33 hechos incontrovertidos, el foro primario concluyó que no procedía adjudicar la acción sobre despido injustificado por la vía sumaria. Además, denegó la solicitud de sentencia sumaria presentada por Auto LOI, por entender que, la señora Marrero Caldero levantó suficientes hechos para demostrar que podría prosperar su acción por represalias al amparo de la Ley 115, *supra*.[4] Asimismo y mediante una Sentencia Declaratoria dictaminó que, el *Acuerdo de Comisiones* es nulo. Por último, nuevamente ordenó la desestimación de la causa de acción sobre el pago de salarios. Sin embargo, de un examen minucioso del expediente, lo antes resulta inoficioso porque el TPI dictó una *Sentencia Parcial* el 27 de febrero de 2024, desestimando precisamente la causa de acción sobre el pago de salarios, la cual es final y firme.

Inconforme, la señora Marrero Caldero acude ante esta Curia y únicamente cuestiona la denegatoria de su petitorio sumario sobre el despido injustificado. A su entender, el TPI cometió los siguientes errores:

---

[2] Entrada núm. 76 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial. Con su petitorio sumario incluyó los siguientes documentos: Exhibit 1-Deposición de Yamilet Marrero Caldero; Exhibit 2-Deposición de Yaritza Agosto Torres; Exhibit 3-Deposición de Nestor R. Rodríguez De Jesús; y Exhibit 4-Carta suscrita por Kevin J. Vargas Sánchez del 30 de septiembre de 2022.

[3] Entrada 86 en SUMAC. Junto a su oposición incluyó lo siguiente: Anejo A-Deposición de Yamilet Marrero Caldero.

[4] Apéndice, pág. 11.

Erró el TPI al negarse a concluir que el despido de la querellante fue injustificado, cuando declaró nulo el acuerdo utilizado por la parte querellada para justificar su despido.

Erró el TPI al negarse a concluir que el despido de la querellante fue injustificado, cuando la base del despido - conforme surge fehacientemente de las amonestaciones dadas por el patrono- se fundamentó en la prohibición del uso legítimo de la licencia por enfermedad.

Con el beneficio de la comparecencia de las partes, procederemos a resolver.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari*. *Rivera et al. v. Arcos Dorados et al,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción,

podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023. La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

**B. Reclamaciones bajo la Ley 2**

Es norma reiterada que, la Ley 2, *supra,* dispone un mecanismo procesal expedito para la rápida consideración y adjudicación de querellas de empleados u obreros en contra de sus patronos. *León Torres v. Rivera Lebrón,* 204 DPR 20, 30-31 (2020). Su alcance se extiende a varios estatutos laborales, entre estos, las querellas sobre salarios, beneficios y derechos laborales. *Ruiz Camilo v. Trafón Group, Inc.* 200 DPR 254, 265 (2018). En su consecuencia las reclamaciones laborales ameritan ser resueltas con celeridad de forma tal que se pueda implantar la política pública del Estado, de proteger los empleos, desalentar el despido sin justa causa y proveer al obrero que resulte despedido los medios económicos para su subsistencia mientras consigue un nuevo empleo. *Íd*

Cónsono con lo anterior, el Tribunal Supremo resolvió en *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 496 (1999) que, la revisión de resoluciones interlocutorias es contrario al carácter sumario que, precisamente, busca adelantar el procedimiento. En virtud de ello, los tribunales revisores debemos autolimitar nuestra facultad a esos efectos. Asimismo, el Tribunal Supremo en *Medina Nazario v. McNeil Healthcare,* 194 DPR 723 (2016), reconoció que lo anterior no sería absoluto, y, por tanto, cedería en aquellos casos en que alguna resolución sea dictada sin jurisdicción por el Tribunal de Primera Instancia o en aquellos casos

extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo. Por ello, los foros revisores deben mantener y ejercer su facultad revisora mediante *certiorari* solo en aquellas resoluciones interlocutorias dictadas en un procedimiento sumario (querellas laborales), en las siguientes instancias: (1) cuando el tribunal primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. Véase además lo resuelto en *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021).

**III.**

En su recurso, la señora Marrero Caldero señala dos errores, todos dirigidos a impugnar la determinación del TPI de negarse a concluir que el despido de la querellante fue injustificado. Primeramente, cuestiona que, el foro primario no concluyó que el despido fue injustificado, aun cuando mediante una Sentencia Declaratoria declaró nulo el *Acuerdo de Comisiones* utilizado por la parte querellada para justificar el despido. A su vez, como segundo error, señala que, el foro primario no concluyó que el despido fue injustificado, cuando dicha acción se fundamentó en la prohibición del uso legítimo de su licencia por enfermedad.

Hemos evaluado el recurso según presentado y colegimos que, nos encontramos ante una resolución interlocutoria mediante la cual, el foro primario denegó el petitorio sumario sobre despido injustificado instado por la peticionaria dentro de un procedimiento sumario, al amparo de Ley 2, *supra.* En su consecuencia, nos corresponde determinar si se reúnen los criterios establecidos por el Tribunal Supremo, antes expuestos, para intervenir y revisar la causa, en esta etapa de los procesos. Observamos que, el TPI atendió distintos asuntos al justipreciar las distintas mociones sometidas ante su consideración.  Sin embargo, la peticionaria no cuestiona

asuntos atinentes a la jurisdicción del foro primario para actuar. Tampoco nos ha puesto en posición para concluir que su petitorio, según el cuadro fáctico presentado, responde a un caso extremo que requiera nuestra revisión para evitar una grave injusticia o que la revisión inmediata disponga del caso en su totalidad. Ante ello, no identificamos fundamento alguno que nos permita -de forma excepcional- intervenir sobre la denegatoria a la solicitud de sentencia sumaria sobre despido injustificado interpuesta por la señora Marrero Caldero.

**IV**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones